FRANK P. COLLIER, DEFENDANT IN ERROR, v. CONSOLI-
DATED RAILWAY LIGHTING AND REFRIGERATING
COMPANY, PLAINTIFF IN ERROR.

Submitted December 8, 1903—Decided February 29, 1904.

In the absence of special restrictions in the charter or by-laws, the
general management of the corporation is in the hands of the
directors, and the acts of a *de facto* board of directors bind the
corporation.

On error to the Supreme Court.

For the plaintiff in error, *Chauncy H. Beasley.*

For the defendant in error, *John M. Enright* and *Lindley
M. Garrison.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff in this action seeks to recover
damages for breach of a contract of the defendant to employ
him as general sales agent. The terms of the contract are
stated in a resolution which, it was stipulated, had been
adopted by the board of directors of the defendant and was
communicated to the plaintiff by letter, dated January 14th,
1902. The resolution reads as follows:

"*Resolved,* That the company employ Mr. F. P. Collier as
general sales agent of this company for a period of one year
at a salary of four hundred dollars ($400) per month, it
being understood that his travelling and other expenses shall
not exceed the sum of three hundred dollars ($300) in any
one month. This contract to date from January 2d, 1902."

The plaintiff was discharged April 4th, 1902. No fault
on his part is alleged.

The defendant sought to prove that the resolution was
passed by a dummy board of directors, who had no real interest
in the company; that there was a contest in the company;

that the president was the only one who had power to employ, and that he immediately notified the plaintiff that he was not employed by the company. The object, it was said, was to show that the discharge was rightful, because the plaintiff had not been properly employed. The evidence was excluded, and we think properly excluded. The board of directors was a *de facto* board and its acts as such could not be annulled by the action of the president alone.

It is now urged that the employment of the plaintiff by the directors was a fraud upon the stockholders, because the directors did not have the authority to employ a sales agent. This view was not suggested at the trial and we fail to see how the offer, as made, tended to prove this. In the absence of special restrictions in the charter or by-laws the general management of the corporation is in the hands of the directors, and the acts of a *de facto* board of directors bind the corporation. *Hackensack Water Co.* v. *De Kay*, 9 *Stew. Eq.* 548; *Kuser* v. *Wright*, 7 *Dick. Ch. Rep.* 825.

Upon the cross-examination of the plaintiff, he was asked if he did not sue two companies in Chicago. The object was said to be to prove that he sued the defendant company and another company for this claim. There was no suggestion in the case that the Chicago action was still pending, and we agree with the trial judge that the evidence sought to be adduced was of no importance.

These were the only questions argued in the defendant's brief. The other assignments of error have been examined, but are without merit.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.    11.

*For reversal*—None.